**KURT M. JACHMANN CO., Inc.,**
**Plaintiff,**

v.

MARINE OFFICE OF AMERICA, S. D. McComb & Co., Inc., Owen C. Torrey, Carl P. Kremer, George Inselman, American Insurance Co., American Eagle Fire Insurance Co., Continental Insurance Co. of the City of New York, Fidelity-Phoenix Fire Insurance Co., Firemen's Insurance Co., Glens Falls Insurance Co., and Hanover Fire Insurance Co., Defendants.

United States District Court,
S. D. New York.
Feb. 10, 1955.

See, also, 16 F.R.D. 381.

Joseph S. Meadow and M. K. & R. Josephson, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendants.

BICKS, District Judge.

Approximately 2½ years ago plaintiff served notice to take the testimony of twelve persons by deposition pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The examination of one of said persons was commenced about two years ago and after a single session was adjourned without date. The examinations of the remaining eleven persons were never begun and they all stand adjourned, likewise without date. In July 1954 at plaintiff's request defendant produced a thirteenth witness; the taking of his deposition was commenced but, again, never completed and adjourned without date. The examinations of still two other witnesses were begun and never completed.

Plaintiff now moves pursuant to Rule 34 for inspection of "All documents in the possession, custody or control of defendant insurance companies, the Marine Office of America, S. D. McComb & Co., Inc., or the individual defendants, including contracts, minutes of meetings, reports, letters, telegrams, cables, interor intra-office memoranda whether originals, copies, drafts or revisions, stenographic transcripts, teletype recordings, diaries, logs, notes, or communications, books of account, records of meetings and telephone conversations, press releases, advertisements * * *" relating to matters enumerated on a seventeen page schedule annexed to the motion papers.

The motion is resisted upon the grounds that (i) the designation of the documents sought to be examined lacks the particularity required by Rule 34, (ii) many of the documents are not within the scope of a permissible examination and (iii) there has been a failure to demonstrate "good cause" for the inspection.

There has been such an obvious failure to properly designate the documents sought to be examined that it is unnecessary to consider the other objections articulated by the defendants. If the plaintiff does not have sufficient information to describe with particularity the documents which it desires to inspect, or that such documents exist or that they are under the control of the de-

fendants, it would be well advised to proceed with the depositions already noticed or by written interrogatories under Rule 33 to elicit the appropriate data. See 4 Moore's Federal Practice, 2d Edition, pages 2435–2438.

Motion denied.